THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**

| BY: | Marc I. Simon, Esquire | Kane Daly, Esquire |
|---|---|---|
| | Joshua A. Rosen, Esquire | Brittany Sturges, Esquire |
| | Matthew J. Zamites, Esquire | Roman Galas, Esquire |
| | Brian F. George, Esquire | Christopher Burruezo, Esquire |
| | Andrew Baron, Esquire | Anthony Canale, Esquire |
| | Joshua Baer, Esquire | Sam Gangemi, Esquire |
| | Michael K. Simon, Esquire | Abigail Boyd, Esquire |
| | Sam Reznik, Esquire | Paraskevoula Mamounas, Esquire |
| | Mary G. McCarthy, Esquire | Richard Santosusso, Esquire |
| | Harry Gosnear, Esquire | |
| | Daniel Ward, Esquire | |
| | Christopher Green, Esquire | |

Attorney ID No.'s:   ***Attorneys for Plaintiff***
*201798*

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | |
|---|---|
| Linda Leon<br>410 E Hinckley Ave., Apt. C33<br>Ridley Park, PA 19078<br>　　　　　Plaintiff<br>v.<br><br>CVS Pharmacy, Inc.<br>410 E Chester Pike<br>Ridley Park, PA 19078<br>　　　　　And<br>Robert Mcalpin<br>410 E Chester Pike<br>Ridley Park, PA 19078<br>　　　　　And<br>John Doe<br>410 E Chester Pike<br>Ridley Park, PA 19078<br>　　　　　And<br>CVS Health Corp.<br>c/o Altus Group US, Inc.<br>1 CVS Dr.<br>Woonsocket, RI 02895<br>　　　　　Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>April Term 2024<br><br>No. |

Case ID: 240403068

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE**<br>**One Reading Center**<br>Philadelphia Pennsylvania 19107<br>Telephone: (215) 238-6300 | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**<br>**One Reading Center**<br>Filadelfia, Pennsylvania 19107<br>Teléfono: (215) 238-6300 |

Case ID: 240403068

## COMPLAINT

1. Plaintiff, Linda Leon, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption of this Complaint.

2. Defendant, CVS Pharmacy, Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 410 E Chester Pike, in Ridley Park PA.

3. Defendant, Robert Mcalpin, is an individual who conducts business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 410 E Chester Pike, in Ridley Park PA.

4. Defendant, John Doe, is an individual who conducts business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 410 E Chester Pike, in Ridley Park PA.

5. Defendant, CVS Health Corp., is a business entity registered to do business in the State of Rhode Island, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 410 E Chester Pike, in Ridley Park PA.

6. Upon information and belief, Defendant regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

7. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 410 E Chester Pike, in Ridley Park PA, referred to hereinafter as "the premises."

8. On or about September 24, 2022, at approximately 5:30 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

9. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

10. On or about September 24, 2022, while on Defendants' premises Plaintiff was caused to trip and fall over milk crates with coolers stacked on top, which were sticking out past the end of the aisle, causing serious and permanent personal injuries on account of which this action is brought.

11. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

## COUNT I
### Linda Leon v. CVS Pharmacy, Inc.
### Negligence

12. The negligence of Defendants consisted of, <u>inter alia</u>, the following:

   a. Failure to clean the milk crates protruding from the aisle;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

13. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the right shoulder, as well as pain in both knees, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Linda Leon, demands judgment in Plaintiff's favor and against Defendant, CVS Pharmacy, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Linda Leon v. Robert Mcalpin
### Negligence

18. The negligence of Defendants consisted of, inter alia, the following:

   a. Defendant Robert Mcalpin **personally aware** of the risks of product protruding into the walk isles;

   b. Defendant Robert Mcalpin **personally knew** about the floor and product safety guidelines required by Defendant CVS;

   c. Defendant Robert Mcalpin **knew** that in order to prevent injuries such as the incidents sustained by Plaintiff, employees employed by defendant would have to be qualified and be property trained—all of which were his responsibility;

   d. Defendant Robert Mcalpin **knew** that Defendant CVS should have personnel inspecting the floors and product on the shelves to prevent injuries such as the ones sustained by Plaintiff.

e. Despite the **knowledge** of the aforesaid, Defendant Robert Mcalpin chose to:

   i. Fail to properly store/move the dangerous condition;

   ii. Fail to implement Defendant CVS's Policies and procedures related to floor safety;

   iii. Fail to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

   iv. Fail to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

   v. Fail to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

   vi. Fail to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

   vii. Fail to provide adequate safeguards to prevent the injury to Plaintiff;

   viii. Fail to exercise the proper care, custody and control over the aforesaid premises.

   ix. Fail to exercise the proper care, custody and control over the aforesaid premises;

   x. Fail to follow internal CVS safety protocols;

   xi. Fail to properly train employees; and

   xii. Negligently manage of the premises;

19. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the right shoulder, as well as pain in both knees, all to Plaintiff's great loss and detriment.

20. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

21. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

22. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

23. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Linda Leon, demands judgment in Plaintiff's favor and against Defendant, Robert Mcalpin, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT III
**Linda Leon v. John Doe**
**Negligence**

24. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

   a. Failure to clean the milk crates protruding from the aisle;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

25. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the right shoulder, as well as pain in both knees, all to Plaintiff's great loss and detriment.

26. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Linda Leon, demands judgment in Plaintiff's favor and against Defendant, John Doe, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Linda Leon v. CVS Health Corp.
### Negligence

30. The negligence of Defendants consisted of, inter alia, the following:

   a. Failure to clean the milk crates protruding from the aisle;

   b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

   c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

   d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

31. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the right shoulder, as well as pain in both knees, all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Linda Leon, demands judgment in Plaintiff's favor and against Defendant, CVS Health Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

_____
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

## VERIFICATION

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## **VERIFICATION**

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:

*Linda Leon*

BAE78AA4E3054EE...