## IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LINDA LEON,<br><br>     Plaintiff,<br><br>  vs.<br><br>CVS PHARMACY, INC.; ROBERT<br>MCALPIN; JOHN DOE; CVS HEALTH<br>CORP.,<br><br>     Defendants. | Docket No. 2:24-cv-02301 |

### <u>ORDER</u>

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion to Dismiss of Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/d/a CVS Pharmacy, Inc. and CVS Health Corp.) and Robert McAlpin to Plaintiff's Complaint, and any opposition thereto, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

(1) Plaintiff's Complaint is dismissed as to Defendant, Robert McAlpin for failure to state a claim pursuant to F.R.C.P. 12(b)(6), *with prejudice*; and

(2) Plaintiff's Complaint is dismissed as to Defendant, Robert McAlpin under 28 U.S.C. § 1447(e), *with prejudice*.

        **BY THE COURT,**

                 _____

                           **J.**

27462057v1

**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA LEON,<br><br>              Plaintiff,<br><br>        vs.<br><br>CVS PHARMACY, INC.; ROBERT<br>MCALPIN; JOHN DOE; CVS HEALTH<br>CORP.,<br><br>             Defendants. | Docket No. 2:24-cv-02301 |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF**
**DEFENDANTS, PENNSYLVANIA CVS PHARMACY, LLC AND**
**ROBERT MCALPIN**

Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/d/a CVS Pharmacy, Inc. and CVS Health Corp.) and Robert McAlpin, by and through their undersigned counsel, respectfully move this Court pursuant to F.R.C.P. 12(b)(6) and 28 U.S.C. § 1447(e) to dismiss Plaintiff's claims as to Defendant, Robert McAlpin, and avers as follows:

A brief in support of this Motion is attached hereto and incorporated herein by reference.

                               **POST & SCHELL, P.C.**

Date:  May 28, 2024          BY:   _____
                                     Charles W. Spitz, Esquire
                                     I.D. #81192
                                     E-MAIL: cspitz@postschell.com
                                     JOEL H. FEIGENBAUM, ESQUIRE
                                     I.D. # 315866
                                     E-mail:jfeigenbaum@postschell.com

                                     Three Logan Square

1717 Arch Street, 24th Floor
Philadelphia, PA 19103
215-587-1000

Attorney for Defendants

27462057v1

**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA LEON,<br><br>    Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; ROBERT MCALPIN; JOHN DOE; CVS HEALTH CORP.,<br><br>    Defendants. | Docket No. 2:24-cv-02301 |

**BRIEF IN SUPPORT OF**
**DEFENDANTS, PENNSYLVANIA CVS PHARMACY, LLC AND**
**ROBERT MCALPIN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/d/a CVS Pharmacy, Inc. and CVS Health Corp.) ("CVS") and Robert McAlpin, by and through their undersigned counsel submit this brief in support of their motion to dismiss the complaint of Plaintiff, Linda Leon pursuant to Fed. R. Civ. P. 12(b)(6) and in support thereof avers as follows:

I.    **INTRODUCTION**

This action arises out of an alleged trip and fall that occurred on or about September 24, 2022, inside of a CVS store located at 410 E. Chester Pike, Ridley Park, Pennsylvania (the "Store"). A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit "A".[1] Plaintiff contends she "was caused to trip and fall over milk crates with coolers stacked on top, which were sticking out past the end of the aisle…". Id. at ¶10.  Plaintiff named CVS as a defendant and also sued Robert McAlpin, whom she claims has a business address of 410 E. Chester Pike,

---

[1] Defendants removed this action from the Philadelphia Court of Common Pleas asserting fraudulent joinder of Defendant, Robert McAlpin based on the arguments raised in this Motion to Dismiss. A true and accurate copy of Defendants' Petition to Remove is attached hereto as Exhibit "B".

Ridley Park, PA, and who "[A]t all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 410 E. Chester Pike, Ridley Park, PA." *Id.* at ¶3. Presently, Plaintiff has not served her Complaint upon McAlpin and the Complaint sets forth no facts whatsoever to support her claims against McAlpin.[2]

As set forth more fully below, Plaintiff's Complaint must accordingly be dismissed for failure to state a claim as to Defendant McAlpin.

## II.    FACTUAL HISTORY

In her Complaint, Plaintiff alleges, *inter alia*, that Robert McAlpin:

1. *Personally aware* of the milk crates with coolers sticking into the walk aisles;

2. *Personally knew* about CVS' safety guidelines;

3. *Knew* that CVS should inspect its floors;

4. *Failed* to implement CVS' policies;

5. *Failed* to periodically inspect the Store;

6. *Failed* to properly train employees;

7. *Failed* to properly train employees; and

8. Negligently managed the premises.

*See* Exhibit "A" at ¶¶18(a)-18(e).

---

[2] Plaintiff's naming of Robert McAlpin as a defendant appears to be little more than an attempt to destroy diversity jurisdiction, and, as such, is fraudulent. It is clear from Plaintiff's Complaint that there is no basis in fact or law supporting Plaintiff's claims against Robert McAlpin. Plaintiff has no real intention in good faith to prosecute the action against McAlpin, which Removing Defendants averred in their Petition of Removal. A true and accurate copy of Defendants' Petition of Removal attached hereto as Exhibit "B".

However, not only was Robert McAlpin not present at the Store on September 24, 2022, the date of Plaintiff's accident, McAlpin had not worked at the Store for **_years_** beforehand.  In his Affidavit attached hereto as Exhibit "C" and incorporated herein, McAlpin testifies:

1. From February 2015-October 2019, I was employed by Pennsylvania CVS Pharmacy, L.L.C. as a Photo Lab Technician, Shift Supervisor, and, finally, an Operations Supervisor at 410 E. Chester Pike, Ridley Park, PA (the "Store");

2. I never held a managerial title while working at the Store;

3. I have not worked at the Store since October 2019;

4. On September 24, 2022, I was not employed or present at the Store;

5. I have never owned or leased 410 E. Chester Pike, Ridley Park, PA and, on September 24, 2022, had no responsibility or duties at the Store;

6. On September 24, 2022 and presently, I am employed at 306 E. Baltimore Ave., Media, PA as an Operations Manager for Pennsylvania CVS Pharmacy, L.L.C.;

7. I have no personal knowledge of events described in Plaintiff's Complaint or the circumstances of her alleged fall and, to the best of my knowledge, I have never met Linda Leon; and

8. I have not been employed or resided at the Store since October 2019 and have not been served a copy of the lawsuit in this case.

See Exhibit "C".[3]

McAlpin was **not** on the premises on the date of the accident and had **not** worked there for nearly three (3) years prior.  He is not **personally aware** of the allegedly dangerous condition causing Plaintiff's fall as alleged in the Complaint, had no duty to warn Plaintiff, inspect the premises, provide safeguards, manage the premises, etc. See Exhibit "A" at ¶¶18(a)-18(e).  As a

---

[3] The Court may consider affidavits, deposition testimony and exhibits submitted by the Parties. Moore v. Johnson & Johnson, 907 F. Supp. 2d 646, 652 (E.D. Pa. 2012); In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006) ("a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder."); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3723.1 (Rev. 4th ed. 2023) ("In order to meet its burden, courts have permitted the defendant to support its notice of removal with evidence outside the pleadings, including supporting documents such as affidavits and deposition transcripts.").

former employee of the Store nearly three (3) years removed from his non-managerial position, McAlpin had absolutely no involvement with the Store at any time material or connection with Plaintiff's lawsuit.

### III.   LEGAL ARGUMENT

#### A.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO DEFENDANT, ROBERT MCALPIN PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A VIABLE CAUSE OF ACTION UNDER PENNSYLVANIA'S PARTICIPATION THEORY

#### Standard of Review

On a Motion to Dismiss pursuant to Rule 12(b)(6), the Court may appropriately dismiss a complaint where, as here, "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief." GSC Partners CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  While the Court must accept the well-pleaded factual allegations of the complaint as true, the Court need not credit a plaintiff's "bald assertions", or "legal conclusions" draped in the guise of factual allegations. In re Burlington Coat Factory Sec. Litig, 114 F.3d 1410, 1429 (3d Cir. 1997) (citation omitted).  Stripped of Plaintiff's unsupported vague and conclusory allegations and unwarranted inferences, the Complaint fails to state a cause of action against defendant and should accordingly be dismissed. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509 (2007).

"To survive a motion to dismiss, a civil plaintiff must allege facts that `raise a right to relief above the speculative level....'" Phillips v. County of Allegheny, 515 F.3d 224, 232 (quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007)).  More particularly, the plaintiff must supply enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a particular cause of action. Id. at 234. Fed. R. Civ. P. 8(a)(2) ("Rule 8") requires only that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Rule 8 has now been construed by the Supreme Court to require "more than an unadorned,

the - defendant-unlawfully-harmed-me-accusation." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

### <u>Statement of the Law</u>

Under Pennsylvania law, an individual manager of a corporation cannot be liable for the

corporation's negligence unless he took part in the commission of the tort. <u>See Wicks v.Milzoco</u>

<u>Builders Inc.</u>, 470 A.2d 86, 90 (Pa. 1983). The Court in <u>Wicks</u> stated:

> The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefore; but that **an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort,** nor for the acts of other agents, officers or employees of the corporation in committing it, unless he specifically directed the particular act to be done or participated, or cooperated therein
> …
> Liability under this theory attaches only where the corporate officer is an actor who participates in the wrongful acts. Therefore, corporate officers may be held liable for misfeasance [but not for mere nonfeasance].

<u>Id.</u> (emphasis added); <u>see</u> <u>also</u> <u>Brindley v. Woodland Village Rest, Inc.</u>, 652 A.2d 865, 870

(Pa. Super. 1995) ("...find[ing] it persuasive that the theory of piercing the corporate veil, which

is closely related to the participation theory, is imposed cautiously in Pennsylvania; in fact, there

is a presumption against applying it.").

Under the participation theory, a manager can be personally liable for his own

"misfeasance," i.e., the "improper performance of an act," but not for mere "nonfeasance," i.e.,

"the omission of an act which a person ought to do." <u>Brindley</u>, 652 A.2d at 868; <u>See</u> <u>Nelson v.</u>

<u>Duquesne Light Co.</u>, 12 A.2d 299, 303 (Pa. 1940). This Court has repeatedly addressed the

"participation theory" in the context of claims against managers in premises liability cases and

dismissed claims against managers where it is not alleged that the manager "specifically

directed the particular act." <u>See, e.g.,</u> <u>Aldorasi v. Crossroads Hosp. & Mgint. Co., LLC</u>, 2018

U.S. Dist. LEXIS 163903, *16-17 (E.D. Pa. Sept. 25, 2018); <u>Jackson v. Burlington Coat</u>

<u>Factory</u>, 2017 U.S. Dist. LEXIS 131233 (E.D. Pa. Aug. 17, 2017); <u>Avicolli v. BJ's Wholesale</u>

5

27462057v1

Club, 2021 U.S. Dist. LEXIS 53104 (E.D. Pa. Mar. 22, 2021); Kane v. Wal-Mart Stores E.,
LP, 2018 U.S. Dist. LEXIS 217772 (E.D. Pa. Dec. 31, 2018).  Instantly, Plaintiff's allegations
against McAlpin sound in "nonfeasance".  Plaintiff asserts, *inter alia*, that McAlpin: should
have warned Plaintiff; should have established safeguards; should have taken proper care;
failed to supervise the area; failed to follow CVS policies; and disregarded Plaintiff's rights.
*See* Exhibit "A" at ¶18(e).   None of the Complaint's allegations allege "misfeasance".   To
sufficiently allege "misfeasance, Plaintiff must have claimed that McAlpin personally placed the
allegedly dangerous condition in her walking path. See Wicks, 470 A.2d at 90.  She does not – and
likely cannot considering McAlpin was not present on the date of the accident.  As such, Plaintiff's
claim against Defendant McAlpin should be dismissed, *with prejudice*.

### B.  PLAINTIFF'S CLAIMS AGAINST DEFENDANT, ROBERT MCALPIN MUST BE DISMISSED PURSUANT TO 28 U.S.C. § 1447(e)

Plaintiff's inclusion of Robert McAlpin as a defendant was for the sole purpose of
circumventing 28 U.S.C. § 1447(e) and destroying diversity jurisdiction.   As such, enhanced
scrutiny is warranted. See Aldorasi, supra.  District courts within the Third Circuit have followed
the analysis used by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987)
to evaluate whether to permit amendments which would destroy diversity jurisdiction. Id.  The
relevant factors are: (1) the extent to which the purpose of the amendment is to defeat federal
jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff
will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the
equities. Id. at 1182. Based on the Hensgens factors, this Court should exercise its discretion to
deny Plaintiff's blatant attempt to defeat diversity.

1. **Plaintiff's Primary Purpose is to Defeat Diversity**

Plaintiff is engaging in forum shopping. The Complaint is devoid of any allegations demonstrating McAlpin – who was not present on the date of Plaintiff's accident and had not worked in the Store for nearly three (3) years – participated in the allegedly tortious conduct. Instead, liability is premised on the allegation that "[A]t all times material hereto [McAlpin] was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 410 E. Chester Pike, Ridley Park, PA." Exhibit "A" at ¶3. Plaintiff has averred no facts in her lawsuit to support the bald and conclusory averment that McAlpin (1) owned; (2) operated; (3) maintained; (3) possessed; (4) leased; or (5) was otherwise responsible for the care, control, and safety of the Store. One naked, catch-all claim as to ownership/control of the Store – the exact same claim set forth against Defendants, CVS Pharmacy, Inc., John Doe, and CVS Health Corp. – is insufficient to satisfy the pleading requirements, particularly those requiring enhanced scrutiny when fraudulent joinder is suspected. *See Id.* at ¶¶2, 4, 5.

Plaintiff fails to allege "misfeasance" by McAlpin. Instead, McAlpin is claimed to have been "***personally aware*** of the risks of product protruding into the walk aisle", etc. *See Id.* at ¶18(a). Plaintiff does **not** allege that McAlpin was responsible for the placement of the "milk crates with coolers stacked on top, which were sticking out past the end of the aisle". *Id.* at ¶10. Only such an allegation of *malfeasance* passes muster under Twombly and Iqbal; Plaintiff's conclusory complaint is precisely the type of pleading that Twombly and Iqbal prohibited. See Twombly, 550 U.S. at 555 (stating that the complaint must "provide more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do"). As explained more fully in Sect. 3(A), above, which Defendants incorporate herein, Plaintiff's claims

27462057v1

against McAlpin are baseless and an individual manager of a corporation cannot be liable for the corporation's negligence unless he took part in the commission of the tort, and, accordingly, Plaintiff's claim against McAlpin must be dismissed. See Wicks, 470 A.2d at 90.

**2.   Plaintiff's Complaint Appears to be Timely**

Plaintiff timely filed her lawsuit within the statute of limitations.

**3.   There is No Risk of Prejudice when the Proposed Claims Lack Foundation in Pennsylvania Law**

Plaintiff will not be prejudiced if the instant motion is granted.  Because a corporation acts only through its officers, employees and other agents, they  cannot be regarded as separate parties when they are acting in their official capacity. See, e.g., Maier v. Maretti, 671 A.2d 701, 707 (Pa. Super. 1995).  Indeed, an employee or other agent of a company "is more properly characterized as an extension of that entity, rather than a separate part of it." Travelers Cas. & Sur. Co. v. Castegnaro, 772 A.2d 456, 460 (Pa. 2001).  "In the context of vicarious liability, a principal is liable to third parties for the frauds, deceits, concealments, misrepresentations, torts, negligent acts and other malfeasances of his agent, even though the principal did not authorize, justify, participate in or know of such conduct or even if he forbade the acts or disapproved of them, as long as they occurred within the agent's scope of employment." Castegnaro, 772 A.2d at 460 (citing Aiello v. Ed Saxe Real Estate, Inc., 499 A.2d 282, 285 (Pa. 1985) (citing Bachman v. Monte, 192 A. 485 (Pa. 1937))).  "Under the doctrine of vicarious liability, the corporation, ***not the employee***, is liable for acts committed by the employee in the course of employment." Castegnaro, 772 A.2d at 460) (emphasis added).

Instantly, Plaintiff alleges that McAlpin was acting in the course and scope of his employment with CVS at all times relevant hereto. See Exhibit "A" at ¶¶7, 9, 11.  As such, there is no basis or reason for a plaintiff to sue an employer *and its employee* for alleged negligence

8

unless the employee was not authorized, acted outside the course and scope of employment, or was an independent contractor at the time of the alleged negligence.  Additionally, the doctrine of vicarious liability dictates that the employer, rather than employee, is liable for the employee's negligence in the course and scope of employment. See Castegnaro, supra.  It is clear that Plaintiff's efforts to name and join an employee of CVS is simply an attempt to destroy diversity jurisdiction as no other logical explanation exits.  However, as the Third Circuit has made clear, a plaintiff is not permitted to sue a party for the purpose of destroying diversity jurisdiction. See In re Briscoe, 214 F.3d at 215-16.  Furthermore, this Court's dismissal of Robert McAlpin as fraudulently joined will not result in any prejudice to the Plaintiff as she may recover directly from McAlpin's employer, CVS, and there are no separate causes of action or claims against McAlpin as compared to CVS.   As the foregoing demonstrates, Plaintiff's inclusion of Robert McAlpin is fraudulent as it is clearly intends to defeat diversity jurisdiction.  Common sense and logic dictate that Plaintiff has no real intention in good faith to prosecute an action against McAlpin or seek to hold a joint judgment against him. See Bonilla-Paul v. Walmart, Inc., 2019 U.S. Dist. LEXIS 240366, *2-8 (E.D. Pa. Nov. 22, 2019) (after consideration of the plaintiff's litigation conduct, finding that it unpersuasive that the plaintiff intended to now proceed against the non-diverse defendants").

### 4.  Equitable Considerations are Inapplicable when the Proposed Claims Lack Foundation in Pennsylvania Law

There are no other equitable factors to consider.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that the Complaint of the Plaintiff, Linda Leon be dismissed as to Defendant, Robert McAlpin for failure to state a claim

pursuant to Fed. R. Civ P. 12(b)(6); and that Defendant, Robert McAlpin be dismissed under 28
U.S.C. § 1447(e).

**POST & SCHELL, P.C.**

Date:   May 30, 2024

BY: _____
Charles W. Spitz, Esquire
I.D. #81192
E-MAIL: cspitz@postschell.com
JOEL H. FEIGENBAUM, ESQUIRE
I.D. # 315866
E-mail: jfeigenbaum@postschell.com

Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
215-587-1000

Attorney for Defendants

10

27462057v1